IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS, | No. CIV S-08-1723-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CHARLES ANTONEN, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that, on February 18, 2008, he asked Officers Rippetoe and Van Sant for a cell move "to prevent cell violence between me and my then cellmate, Garcia." Plaintiff states the officers denied him a cell move.  Plaintiff also claims that Lieutenant Rath told him to "respect Mr. Rippetoe" and that a tower guard pointed his gun at him at which point Lieutenant Rath ordered plaintiff to "go back into that cell death or violence or not. . . ."Plaintiff then claims that Officer Johnson "joined in the guard brutality demonstration use of force against me by drawing his chemical agent on me with intent to use, at Lt. Rath discretion his superior."

Plaintiff next states that Warden Felker "knew of citizen's (602) complaint he was 1st to assign a sgt. . . . to interview."  Plaintiff also claims that Associate Warden Wright "sent Sgt. Pedilt to interview me."  He states that he was also interviewed by Sergeant Hayes and that Captain Davey was present during the interview by Sergeant Pedilt.  According to plaintiff, his inmate grievance was partially granted by Chief Deputy McDonald "who signed it but didn't enforce my requested action of safety. . . ."  It appears that plaintiff alleges that Chief of Inmate Appeal N. Grannis and S.L. Chapman, the "3rd in charge of inmate appeals . . . at HDSP" are liable with respect to their handling of plaintiff's grievances.

/ / /

/ / /

2

## II.  DISCUSSION

Plaintiff's handwritten complaint is difficult to read and far from clear as to the factual bases of plaintiff's claims.  It appears that plaintiff claims that defendants were indifferent to a safety risk posed by his cellmate, inmate Garcia.  He also appears to assert claims based on certain defendants' reaction to his concern over inmate Garcia.  Plaintiff seems to claim that certain defendants are responsible by virtue of their roles as supervisors.  Finally, he claims that other defendants are liable with respect to their handling of his inmate grievances.

First, as to plaintiff's apparent safety claim, the court finds that he has not stated a claim upon which relief can be granted against any defendant.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

/ / /

/ / /

/ / /

1  Under these principles, prison officials have a duty to take reasonable steps to
2  protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.
3  1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1)
4  objectively, the prisoner was incarcerated under conditions presenting a substantial risk of
5  serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer,
6  511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge
7  element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not
8  liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer,
9  511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison
10 officials know for a certainty that the inmate's safety is in danger, but it requires proof of more
11 than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).
12 Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison
13 officials actually knew of a substantial risk, they are not liable if they took reasonable steps to
14 respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

15  In this case, plaintiff has not alleged how inmate Garcia posed a risk to his safety
16 or that any defendant had actual knowledge of any such risk.  Plaintiff will be given an
17 opportunity to amend the complaint.

18  Next, as to plaintiff's apparent claim based on certain defendants' reaction to his
19 safety concern regarding inmate Garcia, plaintiff has not alleged that he was subjected to any
20 force, let alone excessive force.  Again, plaintiff will be given an opportunity to amend.

21  As to plaintiff's claims based on the grievance process, prisoners have no stand-
22 alone due process right to the administrative grievance process.  See Mann v. Adams, 855 F.2d
23 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding
24 that there is no liberty interest entitling inmates to a specific grievance process).

25 / / /

26 / / /

Finally, as to those defendants against whom liability is alleged based solely on their roles as supervisors, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

///

///

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: October 28, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE