IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,  No. CIV S-08-1723-CMK-P

      Plaintiff,

  vs.  ORDER

RIPPETOE, et al.,[1]

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 27).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

---

[1] The only individuals named in the operative pleading are: Rippetoe, Van Sant, Harris, Rath, Johnson, and Edwards.

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff states that, while at High Desert State Prison, he asked officers Rippetoe and Van Sant for a cell move because he was concerned about violence with his cellmate. According to plaintiff, he was told that the only way he could get a cell move was if he hit or kicked correctional staff. Plaintiff also states that he was "maliciously sadistically cruely and unusually intentionally handcuffed" for no reason. Plaintiff states that, while prison officials told him he was only being escorted to the program office, he adds that he was taken "far across the dark yard" at 9:30 p.m. He states that correctional officers (Rath, Johnson, and Harris) "terrorist threatened" him. Plaintiff claims that officer Harris "deployed 'knight stick' – striking plaintiff in smalls of lower back – for no reason." He adds that, from the watch tower, officer Edwards "pointed black Mini 14 killing weapon at plaintiff – for no 'disorderly' reason at all." He states that officers Rippetoe, Johnson, and Van Sant then "trained canisters of M-K-9 pepper spray" on him. Plaintiff states that, despite warning prison officials of the danger posed by his cellmate, he was not moved and his cellmate in fact "violently push plaintiff around."

///

///

## II. DISCUSSION

Initially, the court notes that plaintiff does not provide a specific list of defendants. A review of the amended complaint reflects that the only individuals mentioned as possible defendants are: Rippetoe, Van Sant, Rath, Johnson, Harris, and Edwards. The Clerk of the Court will be directed to update the docket to indicate that these are the only defendants.

As to plaintiff's substantive claims, plaintiff's amended complaint presents Eighth Amendment claims based on: (1) disregard for risks to his safety posed by a potentially violent cellmate; and (2) excessive force. Specifically, he alleges that defendants Rippetoe and Van Sant were indifferent to his safety concerns. He also alleges that defendant Harris struck him in the small of the back wit a night stick. The court finds that these allegations are sufficient to state Eighth Amendment claims against defendants Rippetoe, Van Sant, and Harris. By separate order the court will direct plaintiff to submit documents necessary for service on these three defendants.

As to the remaining officers mentioned in the complaint – defendants Rath, Johnson, and Edwards – plaintiff does not link them to any specific constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). While he states that defendant Rath and Johnson threatened him, and that defendant Edwards pointed a gun at him, he does not allege that they actually used any force against him. Similarly, plaintiff's allegation that pepper spray was pointed at him does not state a claim for use of excessive force.

///

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein as to defendants Rath, Johnson, and Edwards can be cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of these defendants. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why defendants Rath, Johnson, and Edwards should not be dismissed for failure to state a claim. Plaintiff is warned that failure to respond to this order may result in dismissal of these defendants for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 11-110.

IT IS SO ORDERED.

DATED: April 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE